THE BOARD OF HEALTH OF THE BOROUGH OF OAKLYN, RESPONDENT, v. GEORGE J. RULOFSON, APPELLANT.

Submitted December 7, 1922—Decided April 3, 1923.

1. The action of a board of health adjudging that a nuisance exists on a person's property, such adjudication being rendered in the absence of the property owner and without notice having been given to him, is void.

2. In an action by a board of health to recover from a property owner the cost of abating an alleged nuisance on his property, the defendant is entitled to prove as a defence thereto that such alleged nuisance did not in fact exist, and to have the fact of its existence vel non submitted to and determined by the jury.

3. An adjudication against a defendant based upon a cause of action not set out in the complaint, and not within the issue tried, is without legal support.

---

On appeal from the Camden County Court of Common Pleas.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and TRENCHARD.

For the appellant, *Thomas J. Hamm*.

(The respondent was not represented by counsel.)

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The present suit was brought by the board of health of the borough of Oaklyn to recover the cost of abating a nuisance existing upon the premises of the defendant, Rulofson. The trial resulted in a verdict in favor of the plaintiff, and the defendant has appealed.

The cause of action is thus set out in the complaint: That in June, 1919, and prior thereto, a nuisance existed upon the property of the defendant, in the borough of Oaklyn; that due notice to abate the same was given to the defendant, but he refused to abate or remove the same within the time limited in said notice; and that thereupon plaintiff proceeded to abate and remove that said nuisance, in accordance with the statute in such case made and provided, and thereby incurred an expense of $506.25 for plumbing, which defendant has never paid.

The answer of the defendant was a general denial of the charges contained in the complaint.

The proof offered on behalf of the plaintiff in support of the case made in its complaint was that in 1917 an ordinance was adopted by it, requiring property owners along the line of an existing sanitary sewer, which had been constructed in the borough of Oaklyn, to immediately connect their several premises with that sewer, and that, upon failure to do so, upon receiving notice, the work of connection to be made by the board at the expense of the property owners; that in 1919. it having been ascertained that the defendant had not made the connection required by the ordinance, an inspection of his property was made by certain members of the board; that from their inspection they determined that his premises were in such an unsanitary condition as to constitute a public

nuisance, and made a report of this determination to the board; that thereupon the board passed a resolution adopting this report, and notified the defendant that he must abate the nuisance by connection with the sewer, in compliance with the ordinance referred to; that the defendant disregarded the notice and failed to make the connection; and that thereupon the plaintiff did so, and expended on this work the amount of moneys specified.

It was admitted that both the inspection by the members of the board and the subsequent action of the board itself in adjudging that a nuisance existed upon the defendant's premises were had without notice to him and without an opportunity afforded to him of being heard upon the question whether or not such nuisance in fact existed.

In addition to these proofs, there was evidence offered on behalf of the board that at the time of the passing of its resolution the defendant's premises were in an unsanitary condition, due to his failure to take proper care of sewage. This fact, however, was controverted by testimony offered on behalf of the defendant.

At the close of the testimony the trial court charged the jury that the only question for their determination was whether the defendant was notified by the board to connect his premises with the sewer which had been installed in front thereof, and that, if he was so notified and failed to comply with the direction of the board, the action of the latter in making the connection was legally justified, and that it was entitled to recover from him the reasonable cost of doing so.

The verdict in favor of the plaintiff, based upon this instruction, cannot be supported. The real question upon which the plaintiff's right to recover depended, under the issue raised by the pleadings, was whether or not a public nuisance in fact existed upon the defendant's premises at the time the notice to abate was served. If so, then, and then only, did the question become material whether the plaintiff was legally justified, under the authority conferred upon it by the legislature, in connecting the defendant's premises with the public sewer at his expense. The primary question

involved was not submitted to the jury; the court apparently assuming that the adjudication of the board that a nuisance existed was conclusive upon this matter. But this theory is unsound in law. As was said by the Court of Errors and Appeals in *Hutton* v. *City of Camden,* 39 *N. J. L.* 122: "Even on the assumption that the power to adjudge the question of the existence of a nuisance was lodged in this sanitary board, it acquired no jurisdiction of the matter in this particular case, inasmuch as the party proceeded against was not offered an opportunity to make defence. Nor is it any objection to this conclusion to say that the power to adjudge in these cases, if given to this body at all, is given unqualifiedly and without any requirement that there must be notice of the proceeding, for the power to adjudge necessarily, by implication, carries with it the obligation to give a hearing to the person to be affected by the decision." And the application of this principle led the court to declare that the action of a board of health finding that a nuisance existed on a person's property, such finding being in the absence of such person and without notice to him, is void, even when it comes collaterally in question.

From what has already been stated, it is apparent, therefore, that the finding of the jury was based altogether upon the determination of a question which was not within the issue raised by the pleadings; and it is entirely settled that the defendant is only required to meet the case laid against him in the plaintiff's complaint. If he does that, and shows by a preponderance of the evidence that the charge against him is not justified by the fact, he has relieved himself from responsibility so far as the action then being tried is concerned. *Excelsior Electric Co.* v. *Sweet,* 59 *N. J. L.* 441; *Murphy* v. *North Jersey Street Railway Co.,* 71 *Id.* 5. The defendant, in the present case, attempted to meet the charge laid in the complaint by evidence that a nuisance did not in fact exist at the time when the board took the action which has been above recited. He was entitled to the finding of the jury upon the question whether or not he had shown by a preponderance of the evidence that this charge was contrary to

the fact; and, if they so found, he was entitled to their verdict. The adjudication against him placed his liability upon a cause of action not set out in the complaint, one which the case did not present, and which, therefore, he was not required to meet.

The judgment under review will be reversed.